UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

LINDSAY B.[1],

                                 Plaintiff,

v.                                                  CASE # 20-cv-00897

COMMISSIONER OF SOCIAL SECURITY,

                                 Defendant.

_____

APPEARANCES:                                OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC     ELIZABETH A. HAUNGS, ESQ.
  Counsel for Plaintiff                        KENNETH R. HILLER, ESQ.
600 North Bailey Ave                      KELLY LAGA-SCIANDRA, ESQ.
Suite 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.               JOSE R. HERNANDEZ, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

J. Gregory Wehrman, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative

---

[1] In accordance with Standing Order in November 2020, to better protect personal and medical information of non-governmental parties, this Memorandum-Decision and Order will identify plaintiff by first name and last initial.

record is **DENIED**, the defendant's motion for judgment on the administrative record is **GRANTED**, and the decision of the Commissioner is **AFFIRMED**.

## I.    RELEVANT BACKGROUND

### A.    Factual Background

Plaintiff was born on November 28, 1984 and has a high school education. (Tr. 201, 209). Generally, plaintiff's alleged disability at the time of application was bipolar disorder, postpartum depression and panic attacks. (Tr. 208). Her initial alleged onset date of disability is January 1, 2014. (Tr. 216). Her date last insured is June 30, 2016. (Tr. 190).

### B.    Procedural History

On December 15, 2016, plaintiff applied for a period of Disability Insurance Benefits (SSD) under Title II of the Social Security Act and for Supplemental Security Income (SSI) under Title XVI of the Social Security Act. (Tr. 162-180). Plaintiff's applications were initially denied, after which she timely requested a hearing before an Administrative Law Judge (ALJ). On November 20, 2018, plaintiff appeared before ALJ Gregory Moldafsky. (Tr. 24-58). On June 5, 2019, ALJ Moldafsky issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 7-19). On May 26, 2020, the Appeals Council (AC) denied plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (Tr. 1-3). Thereafter, plaintiff timely sought judicial review in this Court.

### C.    The ALJ's Decision

Generally, in his decision, the ALJ made the following findings of fact and conclusions of law:

1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2016.

2.  The claimant has not engaged in substantial gainful activity since January 1, 2014, the alleged onset date (20 CFR 404.1571 *et seq.* and 416.971 *et seq*).

3.  The claimant has the following severe impairments: bipolar disorder, history of substance abuse, and posttraumatic stress disorder (20 CFR 404.1520(c) and 416.920(c)).

4.  The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1526, 416.920(d), 416.925 and 416.926).

5.  After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following non-exertional limitations: to simple (as defined in the DOT as SVP ratings 1 and 2), routine, and repetitive tasks in a work environment that is not fast paced or has strict production quotas (e.g., work that is goal based or measured by end result). In addition, she is limited to no more than occasional interactions with the general public, co-workers, and supervisors. Further, she is limited to jobs where changes in work setting or processes are few, if any, and any changes are explained in advance.

6.  The claimant has no past relevant work (20 CFR 404.1565 and 416.965).

7.  The claimant was born on November 28, 1984, and was 29 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8.  The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9.  Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569a, 416.969, and 416.969a).

11. The claimant has not been under a disability, as defined in the Social Security Act, from January 1, 2014, through the date of the decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 7-19).

## II.     THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.     Plaintiff's Arguments

Plaintiff makes essentially three arguments in support of her motion for judgment on the pleadings. First, she alleges the ALJ failed to fully develop the record by failing to obtain records from an alleged provider. (Dkt. No. 14 at 19 [Plaintiff's Mem. of Law]). Second, the ALJ formed an RFC without medical opinion evidence. (*Id*. At 22). Lastly, the ALJ failed to order an opinion from a treating provider or consultative examiner. (*Id*. At 24).

### B.     Defendant's Arguments

Defendant responded to each of plaintiff's arguments. (Dkt. No. 15 [Def.'s Mem. of Law]). First, defendant asserts plaintiff failed to show any error in the Agency's development of the record. (*Id*. At 13). Second, the regulations do not require an ALJ to derive, or base, the RFC finding on an existing medical opinion. (*Id*. At 16). Lastly, the ALJ was not required to order a consultative medical opinion or recontact sources for a medical opinion. (*Id*. At 17).

## III.    RELEVANT LEGAL STANDARD

### A.     Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct

legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B.    Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

(1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV.   ANALYSIS

### A.  Duty to Develop

Plaintiff alleges the administrative record contains an obvious gap which the ALJ failed to develop, namely missing counseling records from Sisters Hospital Horizon Counseling Center. (Dkt. No. 14 at 19). Plaintiff's argument is disingenuous given the facts of this case. Less than a month prior to the hearing, plaintiff notified the ALJ that there were outstanding record requests from eight sources whose evidence "is presumed to be material" to plaintiff's case. (Tr. 237). The date of service for all eight providers was noted to be from January 1, 2014 to present with no further description. (*Id.*). Plaintiff's representative vaguely stated at the hearing they were waiting for some psychiatric records. (Tr. 28). Contrary to plaintiff's statement of facts in her memorandum, the ALJ did leave the record open for 14 days and informed counsel that a written request could be submitted if more time was needed. (Tr. 28). In the seven months between the hearing and decision, plaintiff did submit other exhibits which were admitted into the record. (Tr. 10). At no point did plaintiff request additional time or ask for the ALJ's help in obtaining records from Sisters Hospital Horizon Counseling Center. Notably, the plaintiff did not reference missing records or submit any additional records to the Appeals Council. (Tr. 239-40).

It is well settled that a representative has an affirmative duty to provide competent assistance to the claimant, including acting with reasonable promptness to help obtain information or evidence the claimant must submit. Social Security Ruling (SSR) 17-4p, 2017 WL 4736894 at *4. The cases cited by plaintiff are not factually similar and do not address a circumstance where claimant, through counsel, committed to providing records then failed to avail themselves of assistance or additional time provided by the ALJ.  Although the ALJ has the duty to develop the record, such a duty does not permit a claimant, through counsel, to rest on the record—indeed, to exhort the ALJ that the case is ready for decision—and later fault the ALJ for not performing a more exhaustive investigation. *Maes v. Astrue,* 522 F.3d 1093, 1097 (10th Cir. 2008); *See also Jordan v. Comm'r of Soc. Sec.,* 142 F. App'x 542, 543 (2d Cir. 2005) (summary order) (an ALJ does not err in failing to develop the record where the claimant's counsel advises she is seeking the missing records, the ALJ keeps the administrative record open to allow for supplementation, but counsel never submits the additional records, and the claimant never requests the ALJ's assistance in obtaining the records).

Furthermore, plaintiff has not shown the allegedly missing records supported her case. *See Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (burden is on the party claiming error in an administrative proceeding to demonstrate not only that error is present, but that the alleged error impacts "substantial rights," not merely procedural rights). From the letter to the ALJ prior to the hearing to the memorandum submitted to this Court, plaintiff never specifies when treatment was provided or how the records are material. The first record of counseling, in February 2018, does not reference any previous counseling. (Tr. 650). Plaintiff denied any prior psychiatric counseling to treating sources in January and February 2018. (Tr. 636, 653).

**B. Opinion Evidence**

In his RFC analysis the ALJ appropriately addressed the two opinions contained in the administrative record. (Tr. 17). Plaintiff does not assert any error with how the ALJ evaluated the opinions, only that the opinions were insufficient and therefore the ALJ relied on raw medical data in formulating the RFC. (Dkt. No. 14 at 22). Indeed, the ALJ found bipolar disorder and posttraumatic stress disorder as severe impairments despite the opinion from non-examining medical source C. Butensky, Ph.D., that the record was insufficient to find a mental impairment. (Tr. 14). Similarly, the ALJ gave little weight to the opinion from treating source Dr. Bauers which stated plaintiff could return to work the following day with no restrictions. (Tr. 714). *See Smith v. Berryhill*, 740 F.App'x 721, 724 (2d Cir. 2018) (summary order) ("A treating physician's opinion may also be rejected if it is internally inconsistent or otherwise uninformative."). Plaintiff does not argue this was error rather there was no opinion evidence upon which the ALJ could rely.

However, an ALJ's RFC determination may be supported by substantial evidence even where the ALJ rejected a specific medical opinion. The Second Circuit has held that where the record contains sufficient evidence from which an ALJ can assess the claimant's residual functional capacity a medical source statement or formal medical opinion is not necessarily required. *Monroe v. Comm'r of Soc. Sec.,* 676 F. App'x 5, 8 (2d Cir. 2017) (summary order) ("Where . . . the record contains sufficient evidence from which an ALJ can assess the [claimant's] residual functional capacity," a medical source statement or formal medical opinion is not necessarily required[.]") (citing *Tankisi v. Comm'r of Soc. Sec*., 521 F. App'x. 29, 34 (2d Cir. 2013) (summary order). Plaintiff is incorrect that the ALJ must rely on a valid medical opinion. (Dkt. No. 14 at 24).

### C. Obligation to Obtain an Opinion

In a related argument, plaintiff further asserts the ALJ's failure to obtain functional capacity opinions from any medical source left the RFC unsupported by medical evidence. (Dkt.

No. 14 at 19). Plaintiff argues the ALJ was obligated to recontact her treating sources or obtain a medical opinion from a consultative examiner. (Dkt. No. 14 at 24-28). As discussed above, an opinion is not required and an ALJ is not required to develop the record any further when the evidence already presented is adequate for the ALJ to make a determination as to disability. *See James v. Berryhill*, 710 F. App'x 33, 34 (2d Cir. 2018). In addition, the Commissioner has clear discretion to solicit the opinion of a non-treating physician such as a consultative examiner. *See* 20 C.F.R §§ 404.1519(g),(h).

The regulatory language relied upon by plaintiff in her argument regarding re-contacting physicians formerly appeared at 20 C.F.R. § 404.1512(e) but was repealed effective March 26, 2012 and was not in effect at the time of the ALJ's June 2019 decision. *See How We Collect and Consider Evidence of Disability*, 77 Fed. Reg. 10,651 (February 23, 2012) (amending the Social Security regulations to eliminate the requirement to re-contact a treating physician). The regulations in effect at the time of the ALJ's decision clarify that the agency may re-contact a claimant's treating source if the ALJ determines that the record evidence is insufficient or otherwise cannot determine whether the claimant is disabled. *See* 20 C.F.R. §§ 404.1520b(b)(2)(i), 416.920b(b)(2)(i).

Although the ALJ has a duty to develop the record, ultimately it is the plaintiff's burden to prove to the Social Security Administration that she is blind or disabled. 20 C.F.R. §§ 404.1512(a), 416.912(a). Plaintiff did not submit any medical opinions, but the administrative record was voluminous and ALJ Moldafsky appropriately considered the treatment records, plaintiff's reports of daily activities, and testimony in formulating the RFC. *Monroe v. Comm'r*, 676 F. App'x 5, 9 (2d Cir. 2017) (summary order) (the ALJ could rely on voluminous treatment notes that provided medical assessments of Plaintiff's characteristics relevant to her ability to

work, as well as her activities of daily living, to formulate the RFC without the benefit of a medical opinion where the record contained sufficient evidence from which an ALJ could assess the RFC). Evidence considered by the ALJ included essentially intact mental status exams when clean from substance abuse. Tr. 597-598, 604-605, 611, 619, 625-626, 632-633, 655-656, 663, 666, 669, 672-674, 676.

Plaintiff's arguments are an attempt to shift the burden of proof by asserting that the ALJ did not develop the record. However, plaintiff's medical records just do not establish what limitations would prevent her from working. *See Reynolds v. Colvin*, 570 Fed. App'x 45, 47 (2d Cir. 2014) ("A lack of supporting evidence on a matter where the claimant bears the burden of proof, particularly when coupled with other inconsistent record evidence, can constitute substantial evidence supporting a denial of benefits."); *Dumas v. Schweiker*, 712 F.2d at 1553 (2d Cir. 1983)("[t]he [Commissioner] is entitled to rely not only on what the record says, but also on what it does not say."). The ALJ properly developed and considered the evidence from the relevant time period.

**ACCORDINGLY, it is**

> **ORDERED** that plaintiff's motion for judgment on the pleadings (Dkt. No. 14) is **DENIED;** and it is further

> **ORDERED** that defendant's motion for judgment on the pleadings (Dkt. No. 15) is **GRANTED.**

Dated: October 21, 2021
Rochester, New York

*J. Gregory Wehrman*
HON. J. Gregory Wehrman
United States Magistrate Judge